# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Hensel Harmon,<br>    Petitioner,<br>vs.<br>Charles Ryan, et al.,<br>    Respondents. | CV-07-1668-PHX-JWS-DTF<br><br>**REPORT & RECOMMENDATION** |

    Petitioner Frank Hensel Harmon, presently incarcerated at the Great Plains Correctional Facility, Hinton, Oklahoma, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Dkt. 1), Respondents' Answer to Petition (Dkt. 6), and Petitioner's pro se Reply (Dkt. 7). The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition on the ground that it is time barred and the claim is procedurally defaulted.

## **FACTUAL AND PROCEDURAL BACKGROUND**

    Petitioner was convicted, *in absentia*, on November 19, 2002, in the Superior Court of Pima County of possession of narcotic drug for sale (crack cocaine), possession or use of marijuana, possession of drug paraphernalia, aggravated assault, and resisting arrest. (Dkt. 6, Ex. B at 42-46.) On November 14, 2003, he was sentenced to 9.25 years, and three concurrent terms of 1.75 years imprisonment. (*Id.,* Ex. C at 73-74.) On direct appeal, Petitioner's counsel filed an opening brief pursuant to *Anders v. California*, 386 U.S. 738

(1967). (*Id.*, Ex. D.) Thereafter, Petitioner filed a pro se supplemental brief in which he claimed his convictions were improper because his federal and state constitutional rights to due process and privacy, as well as his right to be free from illegal search and seizure were violated. (*Id.*, Ex. E.) The Arizona Court of Appeals denied Petitioner's appeal on March 17, 2005. (*Id.*, Ex. A.) On June 1, 2005, Petitioner filed a pro se petition for review before the Arizona Supreme Court. (*Id.*, Ex. F.) On December 29, 2005, the Arizona Supreme Court denied the Petition for Review. (*Id.*, Ex. G.)

Petitioner filed a Notice of Post-conviction Relief (PCR) on October 27, 2003, before he was sentenced. (*Id.*, Ex. H.) This PCR proceeding was dismissed as premature on April 1, 2004. (*Id.*, Ex. I.) On May 25, 2006, Petitioner filed an action in the Superior Court challenging his sentencing enhancement.[1] The Superior Court treated the filing as a notice of PCR and dismissed it on June 8, 2006. (*Id.*, Ex. J.) Thereafter, Petitioner brought a special action in the Arizona Court of Appeals alleging that his sentence was unlawful. (*Id.*, Ex. K.) On September 11, 2006, the Arizona Court of Appeals declined to accept jurisdiction. (*Id.*, Ex. L.) Petitioner then filed a special action in the Arizona Supreme Court, which was summarily denied on January 19, 2007. (*Id.*, Exs. M, N.)

## **DISCUSSION**

On August 30, 2007, Petitioner filed his present federal habeas petition. (Dkt. 1.) The petition alleges one claim, Petitioner's due process rights were violated when he was improperly sentenced to an aggravated term of imprisonment based on two prior felony

---

[1] According to Respondents, the Maricopa County Superior Court does not have a record or copy of this filing. Petitioner unquestionably submitted the PCR notice because the superior court referenced the document in its order denying relief. (Dkt. 6, Ex. J.) The Court notes that the prison log, exhibit A to Petitioner's special action in the Arizona Court of Appeals, shows that Petitioner mailed documents on May 20, 2006. (Dkt. 6, Ex. K.) Under the "prison mailbox rule," petitions are deemed "filed" when delivered by the prisoner to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000). Because Petitioner does not aver before this Court that the May 20 mailing was the PCR notice, and he asserts that he filed the PCR on May 25, 2005 (Dkt. 1 at 3), the Court will use May 25 as the filing date of the PCR notice. Even if the earlier date were applied the Petition would still be untimely.

convictions.[2]

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. Under the AEDPA, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In applying (d)(1)(A), the Court must assess when direct review of Petitioner's convictions and sentences became final. The Arizona Supreme Court denied review on Petitioner's direct appeal on December 29, 2005, and his time to petition for a writ of certiorari from the United States Supreme Court expired ninety days later, on Wednesday, March 29, 2006. Sup. Ct. R. 13. Thus, the judgment against Petitioner became final on that date. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that "direct review" includes the period during which a petitioner can petition for writ of certiorari, regardless of whether the petitioner seeks such review); *see also Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (finding direct review to include the time up to the expiration of the period to seek review by the Supreme Court).

---

[2] Petitioner made other conclusory allegations in his petition that his convictions violated the Constitution and that he received ineffective assistance of counsel. Such vague assertions with no supporting facts do not warrant habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

The statute of limitations is tolled during the time a properly filed state PCR application is pending. 28 U.S.C. § 2244(d)(2). Petitioner initiated a PCR proceeding by filing a notice on May 25, 2006, which triggered tolling as of that date. *See Isley v. Ariz. Dep't of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (finding that tolling period begins with filing of notice pursuant to Arizona Rule of Criminal Procedure 32.4(a)). The PCR notice was dismissed on June 8, 2006. (Dkt. 6, Ex. J.)

Arizona Rule of Criminal Procedure 32.9(c) provides that a petitioner may file a petition for review in the court of appeals within thirty days of the PCR court's final decision denying relief in a PCR proceeding. Petitioner's time for filing a petition for review in the Arizona Court of Appeals expired on Monday, July 10, 2006. Instead of petitioning for review of the PCR court's denial, Petitioner brought a special action before the Arizona Court of Appeals. The only questions that may be raised in a special action are:

> (a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or
>
> (b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or
>
> (c) Whether a determination was arbitrary and capricious as an abuse of discretion.

Ariz. R. P. Spec. Actions 3. The Arizona Court of Appeals declined to accept jurisdiction and the Arizona Supreme Court summarily denied the action. (*Id.*, Exs. L, N.) In short, Petitioner elected an inappropriate remedy that did not challenge the PCR court's ruling but attempted to directly challenge the constitutionality of his sentence. Such a proceeding is outside the PCR review process provided by the Arizona rules and outside § 2244(d)(2)'s tolling provision applicable to PCR proceedings.

Once Petitioner's time to file a petition for review from denial of his PCR proceeding expired, on July 10, 2006, he no longer had a properly filed PCR proceeding pending in state court. Thus, statutory tolling ended and the statute of limitations began to run again on July 10, 2006. *Cf. Nino v. Galaza*, 183 F.3d 1003, 1005-06 (9th Cir. 1999) (holding that time between denial of state PCR petition at one level and timely petitioning for review at the

appellate level is tolled because petitioner is attempting to exhaust "through proper use of court procedures"). Petitioner filed the instant petition more than one year later, on August 30, 2007. Therefore, the petition is untimely under § 2254(d)(1)(A).

Petitioner does not assert, nor can the Court glean from the record, a basis for equitable tolling. Petitioner has not demonstrated that an extraordinary circumstance prevented him from timely filing nor that he diligently pursued his rights, as required for equitable tolling. *See Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). To the extent Petitioner was mistaken about the proper procedures, a mistake by the petitioner generally does not warrant equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Further, pro se status alone does not warrant equitable tolling, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), nor does "lack of legal sophistication," *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner is not entitled to equitable tolling.

Accordingly, the petition is untimely pursuant to 28 U.S.C. § 2254(d)(1), and Petitioner has not established entitlement to equitable tolling. Thus, the petition is time-barred.

**Exhaustion and Procedural Default**

Assuming, *arguendo*, that Petitioner's special actions tolled the statute of limitations and the petition was timely, the singular claim in the petition is procedurally defaulted. The only claim Petitioner raises is one alleging that the trial court's use of Petitioner's prior felony convictions to enhance his sentence violated his right to due process. Petitioner did not raise this claim on direct appeal. (Dkt. 6, Exs. A, D, E.) Although the Court does not have a copy of Petitioner's PCR petition, based on the PCR court's ruling, it appears some form of this claim was raised in the PCR proceeding. (*Id.*, Ex. J.) The PCR court found the claim precluded for failure to raise it on appeal, pursuant to Rule 32.2(a). (*Id.*)

First, by not filing a proper petition for review from denial of his PCR petition, Petitioner failed to fairly present the operative facts and federal legal theory of this claim to the state's appellate court in a procedurally appropriate manner as required to exhaust his state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459

U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). If Petitioner were to return to state court now to litigate this claim, it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, this claim is technically exhausted but procedurally defaulted.

Second, the state court imposed a bar that warrants a finding of procedural default. The PCR court found Petitioner's claim precluded as waived for failing to raise it on appeal, under Arizona Rule of Criminal Procedure 32.2(a)(3). To the extent the special actions could be construed as an appeal of that decision, the appellate courts did not issue a reasoned decision; therefore, the Court looks through them to the PCR court's default. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). Claims that were fairly presented in state court but found defaulted on state procedural grounds will be procedurally defaulted in federal court if the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). Rule 32.2(a)(3) is independent of federal law, *see Stewart v. Smith*, 536 U.S. 856, 860 (2002), and the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its procedural default rules such that they are an adequate bar to federal review of a claim. *See Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (same).

Petitioner's claim is procedurally defaulted and barred from review in this Court, absent a showing of legitimate cause for the failure to properly exhaust in state court and prejudice arising from the alleged constitutional violation, or that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Petitioner has not alleged cause and prejudice or a fundamental miscarriage of justice to overcome the default.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-07-1668-PHX-JWS**.

DATED this 8th day of October, 2009.

D. Thomas Ferraro
United States Magistrate Judge