**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| FRANK HENSEL HARMON, ) | |
| ) | |
| Petitioner, ) | 2:07-CV-1668 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| CHARLES RYAN, *et al.*, ) | [Re: Report at docket 10] |
| ) | |
| Respondents. ) | |

## I. MATTER PRESENTED

Pursuant to 28 U.S.C. § 2254, petitioner seeks a writ of habeas corpus. The matter was briefed. At docket 10, Magistrate Judge Ferraro, to whom the petition was referred, recommends that the petition be denied as procedurally defaulted and time barred. No objections have been filed.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

Having reviewed the parties' papers and applied the standard of review articulated above, this court concludes that the magistrate judge has correctly found the facts and applied the law with one minor modification.  This court believes that the appropriate disposition is a denial of the petition rather than a dismissal.  Accordingly, with that minor modification, this court adopts the recommended findings of fact and conclusions of law at docket 10.

### IV.  CONCLUSION

For the reasons above, and based on the recommended findings and conclusions presented by Magistrate Judge Ferraro, the petition at docket 1 is **DENIED**.  The Clerk will please enter judgment accordingly.

DATED at this 28th day of October 2009.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).